IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SUPERSEDING |
| | : | |
| v. | : | 1:17CR460-1 |
| | : | |
| PAULA KAY BULLOCK | : | |

FILED
IN THIS OFFICE
SEP 2 4 2018
Clerk U.S. District Court
Greensboro, NC
BY

The Grand Jury charges:

## COUNT ONE

1.     At all times material herein, PAULA KAY BULLOCK was a resident of the City of Durham, Durham County, in the Middle District of North Carolina.

2.     At all times material herein, PAULA KAY BULLOCK was a doctor of veterinary medicine licensed by the State of North Carolina through the North Carolina Veterinary Medical Board.

3.     At all times material herein, McFynn, PC, was a professional corporation organized and existing under the laws of the State of North Carolina and doing business under the name of Affordable Animal Care of Durham ("AAC").   At all times material herein, PAULA KAY BULLOCK was the president and owner of McFynn, PC, doing business as AAC.

4.     At all times material herein, PAULA KAY BULLOCK owned, operated, and practiced veterinary medicine through AAC.   AAC maintained

and did business from an office located at 2005 N. Point Drive, Suite 8, Durham, North Carolina.

5. At all times material herein, a person whose initials are J.C. was a doctor of veterinary medicine licensed by the State of North Carolina. J.C. worked at AAC on a part-time basis as a "fill-in" veterinarian when PAULA KAY BULLOCK was not available to see patients at AAC. J.C. did not have an ownership interest in McFynn, PC.

6. At all times material herein, each doctor of veterinary medicine licensed by the State of North Carolina through the North Carolina Veterinary Board is provided by that board with a license number unique to that particular doctor. No license number is repeated and such license number is used to identify an individual licensed doctor of veterinary medicine.

7. At all times material herein, Patterson Veterinary Supply, Inc., was in the business of providing veterinary medical supplies to veterinary practices and clinics. Patterson Veterinary Supply, Inc., maintains an office in the City of Devens, in the State of Massachusetts, with its computer services storing financial information located in the State of Minnesota.

8. At all times material herein, Patterson Veterinary Supply, Inc., provided a line of credit for the purchase of veterinary medicines and supplies to qualified applicants who operated as properly licensed doctors of veterinary

2

medicine. Patterson Veterinary Supply, Inc., required that each application submitted include a copy of the doctor's license to practice veterinary medicine.

9. At all times material herein, a person whose initials are J.F. was a resident of Durham, North Carolina, and the holder of an American Express credit card account, account number XXXX-XXXXXX-X3008. In November 2016, J.F. provided AAC with her American Express credit card account number XXXX-XXXXXX-X3008 for the purpose of paying for surgery for her housekeeper's dog named "Romeo." At no time did J.F. authorize PAULA KAY BULLOCK to use her American Express credit card account number for any purpose besides paying for medical expenses for her housekeeper's dog named "Romeo."

10. From on or about October 1, 2015, continuing up to and including on or about May 1, 2017, the exact dates to the Grand Jurors unknown, in the Counties of Durham, Orange, and Alamance, in the Middle District of North Carolina, PAULA KAY BULLOCK did devise and intend to devise a scheme and artifice to defraud veterinary supply businesses including Patterson Veterinary Supply, Inc., of money, goods, and services by means of materially false and fraudulent pretenses, representations, and promises, in the approximate amount of $15,000.00, by preparing a credit application ("the Credit Application") to Patterson Veterinary Supply, Inc., for AAC, falsely and

3

fraudulently representing that J.C. had co-signed the Credit Application as a business owner and guarantor when in fact she had not co-signed the Credit Application as a business owner and guarantor and in fact had no knowledge of such application and received no material benefit from the Credit Application, and by making payments on the line of credit for veterinary supplies obtained for the benefit of PAULA KAY BULLOCK by use of J.F.'s American Express credit card account without authority, such scheme and artifice to defraud making use of interstate wire communications.

## SCHEME AND ARTIFICE

11. It was part of the scheme and artifice to defraud that on or about October 7, 2015, PAULA KAY BULLOCK did prepare the Credit Application to Patterson Veterinary Supply, Inc., for McFynn, PC, under the clinic name of AAC.

12. It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK fraudulently forged the signature of J.C. on the Credit Application as a "business owner" and guarantor though, as PAULA KAY BULLOCK then well knew, J.C. had no knowledge of the Credit Application, was not an owner of AAC, and PAULA KAY BULLOCK had fraudulently forged and placed the signature of J.C. on the Credit Application.

4

13. It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK, without the knowledge or permission of J.C., attached a copy of J.C.'s North Carolina Veterinary Medical Board veterinarian license bearing license number 7096 to the Credit Application in order to obtain the line of credit.

14. It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK fraudulently and falsely executed a document entitled "DEA Customer Questionnaire" as part of the Credit Application, falsely and fraudulently making use of J.C.'s name though, as PAULA KAY BULLOCK then well knew, J.C. had no knowledge of the Credit Application and had not authorized PAULA KAY BULLOCK to make use of her name or North Carolina veterinarian license number.

15. It was a further part of the scheme and artifice to defraud that on or about October 12, 2015, PAULA KAY BULLOCK did send the Credit Application bearing the forged signature of J.C., a copy of the veterinarian license of J.C. bearing her license number 7096, and the "DEA Customer Questionnaire" by fax transmission in interstate commerce from Durham, North Carolina, to the offices of Patterson Veterinary Supply, Inc., in Devens, Massachusetts, and to computer servers of Patterson Veterinary Supply in the State of Minnesota.

5

16.    It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK falsely applied for credit from Patterson Veterinary Supply, Inc., under the pretense that J.C. had co-signed the Credit Application as a business owner and guarantor for the purpose of using J.C.'s good reputation and credit to obtain medicines and veterinary supplies for the benefit of PAULA KAY BULLOCK and her business.

17.    It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK made credit purchases for veterinary medicines and supplies from Patterson Veterinary Supply, Inc., in an amount over $11,000.00 using the line of credit fraudulently obtained through the false pretense that J.C. had signed the line of the Credit Application as a business owner and guarantor.

18.    It was a further part of the scheme and artifice to defraud that on or about March 7, 2017, PAULA KAY BULLOCK used the American Express credit card account number XXXX-XXXXXX-X3008 of J.F. to make three payments to Patterson Veterinary Supply, Inc., in the amount of $2,579.13, although, as PAULA KAY BULLOCK then well knew, J.F. had not authorized such payments, and owed no money to Patterson Veterinary Supply, Inc.

19.    It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK ceased and failed to make payment on the Patterson

6

Veterinary Supply, Inc., line of credit knowing full well that Patterson Veterinary Supply, Inc., would seek to obtain payment from J.C. in an amount over $11,000.00 for payments and fees due on the line of credit.

## EXECUTION

20. On or about October 12, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from the place of business of AAC in Durham, North Carolina, to Patterson Veterinary Supply, Inc., in Devens, Massachusetts, and to the computer servers of Patterson Veterinary Supply, Inc., in the State of Minnesota certain writings, signs, signals, and sounds, that is, a fax transmission of the Credit Application bearing the forged signature of J.C., her veterinarian license number, and a DEA customer questionnaire;

All in violation of Title 18 United States Code, Sections 1343 and 2.

## COUNT TWO

On or about October 12, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged

7

in Count One and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name and North Carolina Veterinary Medical Board license number belonging to an individual whose initials are J.C.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THREE

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 19 of Count One as if fully set forth herein.

2.    On or about March 7, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from the place of business of AAC in Durham, North Carolina, to Patterson Veterinary Supply, Inc., in Devens, Massachusetts, and to the computer servers of Patterson Veterinary Supply, Inc., in the State of Minnesota, certain writings, signs, signals, and sounds, that is, a payment of $2,000.00 to Patterson Veterinary Supply for PAULA KAY BULLOCK and AAC on the American Express credit card account of J.F., account number XXXX-XXXXXX-X3008; in violation of Title 18, United States Code, Sections 1343 and 2.

8

## COUNT FOUR

On or about March 7, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Three and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the American Express credit card account number of a person whose initials are J.F.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FIVE

From on or about December 2, 2016, continuing up to and including on or about April 5, 2017, the exact dates to the Grand Jurors unknown, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK knowingly and with intent to defraud did traffic in, use, and cause to be used one or more unauthorized access devices, that is, American Express credit card account number XXXX-XXXXXX-X3008 that was obtained with intent to defraud, and by such trafficking and use did obtain things of value aggregating $1,000.00 or more during any one-year period, that is, approximately $32,359.68 in money, merchandise, and veterinary supplies,

9

which acts did affect interstate commerce; in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT SIX

From on or about December 2, 2016, continuing up to and including on or about April 5, 2017, the exact dates to the Grand Jurors unknown, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A (c), to wit: access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), as alleged in Count Five and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the American Express credit card account number of a person whose initials are J.F.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT SEVEN

On or about February 1, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK knowingly and with intent to defraud did traffic in, use, and cause to be used one or more unauthorized access devices, that is, Bank of America, N.A., debit card account number XXXX7256 that was obtained with intent to defraud, and by such trafficking and use did obtain things of value aggregating $1,000.00 or more during any

10

one-year period, that is, approximately $1,630.86 in money, merchandise, and veterinary supplies, which acts did affect interstate commerce; in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT EIGHT

On or about February 1, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A (c), to wit: access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), as alleged in Count Seven and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the Bank of America, N.A., debit card account number of a person whose initials are L.D.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT NINE

1.      The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One as if fully alleged herein.

2.      At all times material herein, Walmart Stores, Inc., operated retail pharmacies within its retail stores in the United States including at locations in Alamance and Durham Counties, in the Middle District of North Carolina. Walmart Stores, Inc., is headquartered in Bentonville, Arkansas

11

3. At all times material herein, Sam's West, Inc., doing business as Sam's Club, operated retail pharmacies within its warehouse club stores throughout the United States including at locations in Alamance and Durham Counties, in the Middle District of North Carolina. Sam's West, Inc., is headquartered in Bentonville, Arkansas.

4. At all times material herein, Walmart Stores, Inc., and Sam's West, Inc., maintained computer servers located at the home offices of the companies in Bentonville, Arkansas, to store information as to prescriptions filled at both companies retail pharmacies throughout the United States. Each night the prescription information from the servers at the individual Walmart Stores, Inc., and Sam's West, Inc., pharmacy servers are electronically downloaded to the central computer servers in Bentonville, Arkansas, by interstate wire communications.

5. At all times material herein, Costco Wholesale Corporation operated retail pharmacies in its warehouse discount stores throughout the United States including at locations in Durham County, in the Middle District of North Carolina. The headquarters of Costco Wholesale Corporation is located in Issaquah, Washington.

6. At all times material herein, Costco Wholesale Corporation maintained servers in the State of Washington to store prescription

12

information as to prescriptions filled at the company's retail pharmacies throughout the United States. Information regarding prescriptions is routinely transferred by electronic interstate communications from the retail pharmacies to the central Costco Wholesale Corporation servers in the State of Washington by interstate wire communications.

7.    At all times material herein, Walgreens Company operated retail pharmacies throughout the United States including at locations in Durham County, in the Middle District of North Carolina. The headquarters of Walgreens Company is located in Deerfield, Illinois, with its digital hub located in Chicago, Illinois.

8.    At all times material herein, Walgreens Company maintained computer servers in the State of Illinois to store prescription information as to prescriptions filled at the company's retail pharmacies throughout the United States. Information regarding prescriptions is routinely transferred by electronic interstate communications from the retail pharmacies to the central Walgreens Company servers in the State of Illinois by interstate wire communications.

9.    Hydrocodone is a Schedule II controlled substance and may not be disbursed by a pharmacy without a prescription issued by a medical doctor or doctor of veterinary medicine authorized to legally prescribe medications.

13

10.     Oxycodone is a Schedule II controlled substance and may not be disbursed by a pharmacy without a prescription issued by a medical doctor or doctor of veterinary medicine authorized to legally prescribe medications.

11.     The United States Drug Enforcement Administration (the "DEA") issues properly authorized doctors of veterinary medicine with a DEA number specific to each doctor of veterinary medicine authorized to issue prescriptions. The DEA number must be included on any prescription written by an authorized doctor of veterinary medicine.

12.     The DEA issued a DEA number to J.C. as a properly licensed doctor of veterinary medicine.

13.     The DEA issued a DEA number to PAULA KAY BULLOCK as a licensed doctor of veterinary medicine.

14.     An individual whose initials are P.W. was the owner of a dog named "Belle" who was treated by PAULA KAY BULLOCK at AAC.  At no time did P.W. receive a prescription for oxycodone from PAULA KAY BULLOCK or give a dog named "Belle" any such medication.

15.     At all times material herein, an individual whose initials are J.B. was the boyfriend of PAULA KAY BULLOCK and lived with her in Alamance County, North Carolina.

14

16. In February 2016, PAULA KAY BULLOCK was employed by Hermosa Veterinary Clinic in Denver, Colorado, as a temporary veterinarian.

17. From on or about September 1, 2015, continuing up to and including on or about March 1, 2016, the exact dates to the Grand Jurors unknown, in the County of Durham, in the Middle District of North Carolina, the State of Colorado, and elsewhere, PAULA KAY BULLOCK did devise and intend to devise a scheme and artifice to defraud Walmart Stores, Inc., Sam's West Inc., Costco Wholesale Corporation, and Walgreens Company and to obtain money and property including oxycodone and hydrocodone pills by means of materially false and fraudulent pretenses, representations, and promises, that is, by presenting pharmacists with prescriptions issued by PAULA KAY BULLOCK or J.C. on an AAC or Hermosa Veterinary Clinic prescription form bearing the DEA Number issued to PAULA KAY BULLOCK or J.C. for hydrocodone or oxycodone pills for the use of clients of AAC for treatment of their dogs, when in fact, as PAULA KAY BULLOCK then well knew, J.C. had not prescribed or in any way authorized the prescriptions or use of her DEA number, the prescriptions were not in amounts or form of hydrocodone or oxycodone appropriate for canine use, the clients were unaware of the prescriptions and did not receive the medications, the prescriptions were forged and fraudulent, and PAULA KAY BULLOK intended to convert the

15

hydrocodone and oxycodone pills to her own use, such scheme and artifice to defraud making use of interstate wire communications.

## METHODS AND MEANS

18.    It was a part of the scheme and artifice to defraud that PAULA KAY BULLOCK, for the purpose of obtaining hydrocodone and oxycodone pills, prepared false and fraudulent prescriptions purporting to prescribe hydrocodone and oxycodone for treatment of dogs when, as PAULA KAY BULLOCK then well knew, she had not actually prescribed the dogs these drugs for treatment and the amounts and forms of the drugs prescribed were not appropriate for veterinary use.

19.    It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK prepared false and fraudulent prescriptions for hydrocodone and oxycodone for use by dogs by forging the signature of J.C. and making use of the name and DEA number of J.C. to execute the prescription when PAULA KAY BULLOCK then well knew that J.C. had not prescribed or authorized the prescriptions.

20.    It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK instructed employees of AAC to fill the false and fraudulent prescriptions at pharmacies and return the drugs to her at the office of AAC.

16

21.     It was a further part of the scheme and artifice to defraud that PAULA KAY BULLOCK did not provide the pills so obtained to the clients listed on the false and fraudulent prescriptions but converted the pills to her own use.

22.     It was a further part of the scheme and artifice to defraud that on or about September 28, 2015, PAULA KAY BULLOCK prepared a false prescription for 120 15 mg oxycodone pills on an AAC prescription form using her name and DEA number, purporting it to be for a dog named "Koda" or "Koda Bemis." PAULA KAY BULLOCK then instructed an employee of AAC to fill the false prescription at a Walmart pharmacy in Durham, North Carolina, and return the oxycodone pills to her at the offices of AAC.

23.     It was a further part of the scheme and artifice to defraud that on or about October 8, 2015, PAULA KAY BULLOCK prepared a false prescription for 120 30 mg oxycodone pills on an AAC prescription form using her name and DEA number, purporting it to be for a dog named "Belle." PAULA KAY BULLOCK then instructed an employee of AAC to fill the false prescription at a Sam's Club pharmacy in Durham, North Carolina, and return the oxycodone pills to her at the offices of AAC.

24.     It was a further part of the scheme and artifice to defraud that on or about November 7, 2015, PAULA KAY BULLOCK prepared a false

17

prescription for 50 30mg oxycodone pills on an AAC prescription form using the name and DEA number assigned to J.C., purporting it to be for a dog named "Belle." PAULA KAY BULLOCK then instructed an employee of AAC to fill the false prescription at a Sam's Club pharmacy in Durham, North Carolina, and return the oxycodone pills to her at the offices of AAC.

25.    It was a further part of the scheme and artifice to defraud that on or about November 10, 2015, PAULA KAY BULLOCK prepared a false prescription for 120 5 mg oxycodone pills on an AAC prescription form using the name and DEA number of J.C., purporting it to be for a dog named "Daisy." PAULA KAY BULLOCK then instructed an employee of AAC to fill the false prescription at a Walgreen's pharmacy in Durham, North Carolina, and return the oxycodone pills to her at the offices of AAC.

26.    It was a further part of the scheme and artifice to defraud that on or about November 17, 2015, PAULA KAY BULLOCK prepared a false prescription for 100 15mg hydrocodone pills on an AAC prescription form using the name and DEA number of J.C., purporting it to be for a dog named "Max." PAULA KAY BULLOCK then instructed an employee of AAC to fill the false prescription at a Costco pharmacy in Durham, North Carolina, and return the oxycodone pills to her at the offices of AAC.

27.    It was a further part of the scheme and artifice to defraud that on

18

or about February 16, 2016 PAULA KAY BULLOCK prepared a false prescription for 120 10 mg oxycodone pills on a Hermosa Veterinary Clinic Prescription form using her name and DEA number, purporting it to be for a dog named "Bear-Bear." PAULA KAY BULLOCK then personally took the false and fraudulent prescription to a Walgreens pharmacy in Arvada, Colorado, presented her Colorado Driver's license to the pharmacist, filled the prescription and took possession of the oxycodone pills.

## EXECUTION

21.    On or about September 28, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from the Walmart Pharmacy located in the Walmart store at 1525 Glenn School Road, in Durham, North Carolina, to the offices of Walmart Stores, Inc., in Bentonville, Arkansas, certain writings, signs, signals, and sounds, that is, prescription information for a prescription of 120 15mg oxycodone pills issued by PAULA KAY BULLOCK, purporting it to be for J.B. for use by a dog named "Koda."

All in violation of Title 18, United States Code, Sections 1343 and 2.

19

## COUNT TEN

1.    The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.    On or about October 8, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from the Sam's Club Pharmacy located in the Sam's Club store at 4005 Chapel Hill Boulevard, in Durham, North Carolina, to the offices of Sam's West, Inc., in Bentonville, Arkansas, certain writings, signs, signals, and sounds, that is, prescription information for a prescription of 120 30mg oxycodone pills issued by PAULA KAY BULLOCK, purporting it to be for P.W. for use by a dog named "Belle;" in violation of Title 18, United States Code, Sections 1343 and 2

## COUNT ELEVEN

On or about October 8, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1344(2), as

20

alleged in Count Ten and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name of a person whose initials are P.W.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TWELVE

1.    The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.    On or about October 8, 2015, in the County of Durham, in the Middle District Of North Carolina, PAULA KAY BULLOCK knowingly and intentionally obtained and acquired oxycodone, a Schedule II controlled substance, by material misrepresentations, fraud, forgery, deception, and subterfuge, to wit: by presenting a fraudulent prescription for 120 30mg oxycodone pills to pharmacists, purporting it to be issued by PAULA KAY BULLOCK for P.W. for a dog named "Belle" when, in fact, as PAULA KAY BULLOCK then well knew, the prescription was fraudulent as she had not prescribed oxycodone for the use of a dog named "Belle" and intended to convert the drugs to her own use; in violation of Title 21, United States Code, Sections 843(a)(3) and 2.

21

## COUNT THIRTEEN

1.      The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.      On or about November 7, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from the Sam's Club Pharmacy located in the Sam's Club store at 4005 Chapel Hill Boulevard in Durham, North Carolina, to the offices of Sam's West, Inc., in Bentonville, Arkansas, certain writings, signs, signals, and sounds, that is, prescription information for a prescription of fifty 30mg oxycodone pills, purporting it to be for an individual whose initials are J.B. for use by a dog named "Belle" and appearing to be issued by J.C. and using her DEA number; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOURTEEN

On or about November 7, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit:

wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Thirteen and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name and DEA number of a person whose initials are J.C.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FIFTEEN

1. The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2. On or about November 7, 2015, in the County of Durham, in the Middle District Of North Carolina, PAULA KAY BULLOCK knowingly and intentionally obtained and acquired oxycodone, a Schedule II controlled substance, by material misrepresentations, fraud, forgery, deception, and subterfuge, to wit: by presenting a forged and fraudulent prescription for fifty 30mg oxycodone pills to pharmacists, purporting, it to be issued by J.C. and using her DEA number, for an individual whose initials are J.B. for a dog named "Belle," when in fact, as PAULA KAY BULLOCK then well knew, the prescription was forged and fraudulent as J.C. had not prescribed oxycodone for the use of a dog named "Belle" or authorized the prescription and PAULA

23

KAY BULLOCK intended to convert the drugs to her own use; in violation of Title 21, United States Code, Sections 843(a)(3) and 2.

## COUNT SIXTEEN

1.      The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.      On or about November 10, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from Walgreens Store number #11200, 3793 Guess Road, Durham, North Carolina, to the offices of Walgreen Company in Chicago, Illinois, certain writings, signs, signals, and sounds, that is, prescription information for a prescription of 120 5mg hydrocodone pills, purporting it to be for an individual whose initials are A.S. for use by a dog named "Daisy" and appearing to be issued by J.C. and using her DEA number; in violation of Title 18, United States Code, Sections 1343 and 2.

24

## COUNT SEVENTEEN

On or about November 10, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Sixteen and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name and DEA number of a person whose initials are J.C.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT EIGHTEEN

1.      The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.      On or about November 10, 2015, in the County of Durham, in the Middle District Of North Carolina, PAULA KAY BULLOCK knowingly and intentionally obtained and acquired hydrocodone, a Schedule II controlled substance by material misrepresentations, fraud, forgery, deception, and subterfuge, to wit: by presenting a forged and fraudulent prescription for 120 5mg hydrocodone pills to pharmacists, purporting it to be issued by J.C. and using her DEA number for an individual whose initials are A.S. for a dog

25

named "Daisy," when in fact, as PAULA KAY BULLOCK then well knew, the prescription was forged and fraudulent as J.C. had not prescribed hydrocodone for the use of a dog named "Daisy" or authorized the prescription and PAULA KAY BULLOCK intended to convert the drugs to her own use; in violation of Title 21, United States Code, Sections 843(a)(3) and 2.

## COUNT NINETEEN

1.     The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.     On or about November 17, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce from Costco Pharmacy #249, 1510 North Pointe Drive, Durham, North Carolina, to the offices of Costco Wholesale Corporation in the State of Washington, certain writings, signs, signals, and sounds, that is, prescription information for a prescription of 100 15mg oxycodone pills, purporting it to be for an individual whose initials are J.S. for use by a dog named "Max" and appearing to be issued by J.C. and using her DEA number; in violation of Title 18, United States Code, Sections 1343 and 2

26

## COUNT TWENTY

On or about November 17, 2015, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A (c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count Nineteen and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name and DEA number of a person whose initials are J.C.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TWENTY-ONE

1.      The Grand Jury realleges and incorporates Paragraphs 1 through 6 of Count One and paragraphs 2 through 20 of Count Nine as if fully alleged herein.

2.      On or about November 17, 2015, in the County of Durham, in the Middle District Of North Carolina, PAULA KAY BULLOCK knowingly and intentionally obtained and acquired oxycodone, a Schedule II controlled substance by material misrepresentations, fraud, forgery, deception, and subterfuge, to wit: by presenting a forged and fraudulent prescription for 100 15mg oxycodone pills to pharmacists, purporting it to be issued by J.C. and using her DEA number for an individual whose initials are J.S. for a dog named

27

"Max," when in fact, as PAULA KAY BULLOCK then well knew, the prescription was forged and fraudulent as J.C. had not prescribed oxycodone for the use of a dog named "Max" or authorized the prescription and PAULA KAY BULLOCK intended to convert the drugs to her own use; in violation of Title 21, United States Code, Sections 843(a)(3) and 2.

## COUNT TWENTY-TWO

1. The grand jury realleges and incorporates paragraphs 1 through 4 of Count One and paragraphs 11 through 13 of Count Nine as if fully alleged herein.

2. In the years 2015-2018, AAC was registered with the DEA as a hospital/clinic with the ability to prescribe controlled substances under a DEA number issued to AAC.

3. DEA regulations require that each practitioner maintain records and inventories of Schedule I, II, III, and IV substances including a record of each such substance received, sold, delivered, or otherwise disbursed.

4. Ketamine is a Schedule III controlled substance and may only be disbursed or used by a medical doctor or doctor of veterinary medicine legally authorized to disburse controlled substances.

5. On February 10, 2015, DEA investigators conducted an on-site inspection and accountability audit of AAC. The audit determined that AAC

28

could not properly account for controlled substances including 33 5 mg Diazepam pills (being 16% of the AAC inventory of this controlled substance) and 904 Tramadol 50 mg pills (being 90.4% of AAC's inventory of this controlled substance).

6.    As a result of the February 2015 DEA audit, the DEA entered into a Memorandum of Agreement with PAULA KAY BULLOCK as the owner of AAC in which PAULA KAY BULLOCK and AAC agreed that AAC would abide by all federal, state, and local records pertaining to controlled substances and conduct internal audits (the "Memorandum Agreement').

7.    The Memorandum Agreement was signed and executed by PAULA KAY BULLOCK on August 1, 2015 and by the DEA on August 8, 2015 and had an effective period of two years up to and including August 8, 2017.

8.    In the years 2015 through 2018, PAULA KAY BULLOCK, pursuant to federal regulations and the terms of the Memorandum Agreement, maintained an electronic controlled drug report at AAC purporting to record distributions of controlled substances at AAC, such controlled drug report including a record of which animal the controlled substance was disbursed, the date disbursed, and the name of the owner of the animal (the "Controlled Drug Report").

29

9.     PAULA KAY BULLOCK personally maintained and updated the Controlled Drug Report.

10.     On or about February 20, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, that being the Drug Enforcement Agency, by making a false entry in the Controlled Drug Report at Affordable Animal Care veterinary clinic, the keeping and maintenance of such controlled substance log by Affordable Animal Care being mandated by both federal law and regulation and by the terms of the Memorandum agreement, in that PAULA KAY BULLOCK falsely recorded that doses of the controlled substance Ketamine were given to a dog named "Ariel" and a dog named "Kendall" both dogs belonging to an individual whose initials are L.D., on February 20, 2017, when, in fact, as PAULA KAY BULLOCK then well knew, no doses of Ketamine had been provided to "Ariel" or "Kendall" on that date, and that entries recording such does on the Controlled Drug Report were false; in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

30

## COUNT TWENTY-THREE

On or about February 20, 2017, in the County of Durham, in the Middle District of North Carolina, PAULA KAY BULLOCK, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), to wit: false statement or entry in violation of Title 18, United States Code, Section 1001(a)(3), as alleged in Count Twenty-Two and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is the name of a person whose initials are L.D.; in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

DATED: September 24, 2018

MATTHEW G.T. MARTIN
United States Attorney

BY: FRANK J. CHUT, JR.
Assistant United States Attorney

A TRUE BILL:

_____
FOREPERSON

31