IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINAS

FILED
FEB 08 2019
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N.C.
By

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17CR460-1 |
| | : | |
| v. | : | |
| | : | |
| PAULA KAY BULLOCK | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, PAULA KAY BULLOCK, in her own person and through her attorney, Paul M. Dubbeling, and state as follows:

1.    The defendant, PAULA KAY BULLOCK, is presently under Superseding Indictment in case number 1:17CR460-1, which in Counts One, Three, Nine, Ten, Thirteen, Sixteen, and Nineteen charge her with violations of Title 18, United States Code, Section 1343, wire fraud; which in Counts Two, Four, Six, Eight, Eleven, Fourteen, Seventeen, Twenty, and Twenty-Three charge her with violations of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft; which in Counts Five and Seven charge her with violations of Title 18, United States Code, Section 1029(a)(2), use of unauthorized access devices; which in Counts Twelve, Fifteen, Eighteen, and Twenty-One charge her with violations of Title 21, United States Code, Section 843(a)(3), obtaining a controlled substance by fraud; and which in Count

Twenty-Two charges her with a violation of Title 18, United States Code, Section 1001(a)(3), false statements.

2. The defendant, PAULA KAY BULLOCK, will enter a voluntary plea of guilty to Counts Seven and Twenty-Two of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

a. The defendant, PAULA KAY BULLOCK, understands that the maximum term of imprisonment provided by law for Count Seven of the Superseding Indictment herein is not more than ten years, and the maximum fine for Count Seven of the Superseding Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, PAULA KAY BULLOCK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

2

b. The defendant, PAULA KAY BULLOCK, understands that the maximum term of imprisonment provided by law for Count Twenty-Two of the Superseding Indictment herein is not more than five years, and the maximum fine for Count Twenty-Two of the Superseding Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, PAULA KAY BULLOCK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

c. The defendant, PAULA KAY BULLOCK, also understands that, as to Counts Seven and Twenty-Two of the Superseding Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

d. The defendant, PAULA KAY BULLOCK, understands that the Court shall order, in addition to any other penalty authorized by law, that the

3

defendant make restitution to any victim of the offense to which she is pleading guilty that has restitution due and owing, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, PAULA KAY BULLOCK, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

e. The defendant, PAULA KAY BULLOCK, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

f. The defendant, PAULA KAY BULLOCK, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant,

4

PAULA KAY BULLOCK, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, PAULA KAY BULLOCK, further understands that in the event she is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against her leading to her removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts Seven and Twenty-Two of the Superseding Indictment herein, the defendant, PAULA KAY BULLOCK, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, PAULA KAY BULLOCK, is going to plead guilty to Counts Seven and Twenty-Two of the Superseding Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, PAULA KAY BULLOCK, to Counts Seven and Twenty-Two of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Superseding Indictment as to the defendant, PAULA KAY BULLOCK. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, PAULA KAY BULLOCK, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c. State law enforcement agencies are currently in possession of computers and computer equipment belonging to defendant, PAULA KAY BULLOCK, and listed as items 1, 2, 3, 5, 6, 7, 8, 15, 16, 21, 22, 23 and 25 on the Durham Police Department Property and Evidence Voucher of items seized

6

on 05/03/2017 at 17:00 hours with OCA File No. 17011952. The parties agree that these listed items shall not be used, destroyed, or otherwise disposed of and shall be returned to defendant, PAULA KAY BULLOCK, in accordance with the policy of the Durham Police Department.

d. It is further agreed by and between the United States and the defendant, PAULA KAY BULLOCK, that in exchange for the government's agreement to dismiss the remaining counts of the Superseding Indictment herein, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender, (5) was imposed in violation of law, and (6) was imposed as a result of an incorrect application of the sentencing guidelines.

7

6. The defendant, PAULA KAY BULLOCK, agrees that pursuant to Title 18, United States Code, Section 3613, any monetary penalties shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, PAULA KAY BULLOCK, agrees that any debt resulting from criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if she is current in her payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, PAULA KAY BULLOCK, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, PAULA KAY BULLOCK, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the

8

defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10.  No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the ᗺᵗʰ day of February, 2019.


MATTHEW G.T. MARTIN
United States Attorney

PAUL M. DUBBELING
Attorney for Defendant


FRANK J. CHUT, JR.
NCSB # 17696
Assistant United States Attorney

PAULA KAY BULLOCK
Defendant

101 S. Edgeworth St.,
4th Floor
Greensboro, NC   27402

336/333-5351

9