IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:17 CR 460-01

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | DEFENDANT'S MEMORANDUM IN AID OF SENTENCING |
| PAULA K. BULLOCK | |

COMES NOW Paula Kay Bullock, by and through undersigned counsel, defendant in the above-captioned case, and does submit the following matters to the Court and asks that they be considered in her sentencing.

## Background

Paula Bullock is a non-violent, first offender before the Court today after pleading guilty to one count of misusing a credit card in violation of 18 U.S.C. § 1029(a)(2) and one count of making a false statement (18 U.S.C. § 1001(a)(3)) to cover up that crime. Paula has accepted responsibility for these acts[1] and is prepared now for the Court's judgment.

As the attached letters and statements show, there is a deep irony in this case. Paula's actions show a need for money strong enough that she

---

[1] As noted in the Pre-Sentence Report ¶ 58, Paula qualifies for reduction under USSG §3E1.1(a). The Government has also indicated that it would move for further reduction under USSG § 3E1.1(b) if her offense level were 16 or higher.

would resort to misusing credit cards, but this need for money was exacerbated by her continued desire to provide low-cost and free care to abused and neglected animals and to support her son Fynn.

As the attached letters show, Paula is a competent, skilled veterinarian who could have made plenty of money in a traditional practice. Instead, she opened Affordable Animal Care – a low-cost veterinary clinic serving people and animals that would otherwise be unable to find medical support. She's pulled dozens of animals out of shelters, provided them medical care and shelter, and found them homes.

Paula's 14-year old son Fynn is extraordinary – a world-class athlete recently named to the 2022 U.S. Olympic Team – and Paula has devoted herself to providing him the emotional and material support he needs for his training. Had Paula foregone travelling to his competitions and being with him as much as possible for his training, she would have been better able to manage her business and ensure its financial stability.

Paula's actions were wrong. They were also the result of a position she put herself in out of an attempt to do good.

## Analysis

Under 18 U.S.C. § 3553(a), the court "shall impose a sentence sufficient, but not greater than necessary" to achieve the goals of sentencing (punishment, deterrence, public protection, and treatment/training). In a case

2

such as this one, the Court may generally presume that a non-incarceration sentence is sufficient. USSG § 5C1.1 comment. (n.4) ("If the defendant is a non-violent first offender and the applicable Guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment.").

In Paula's case, the probation officer has considered all of the facts and circumstances involved. She recommends a sentence of two years' probation and 120 days home confinement. That sentence is consistent with the statute and Guidelines and reflects the reality here.

Paula was first indicted almost two years ago. Since that time, she has been on unsupervised release and has made full restitution.[2] She has no criminal history and the fact of conviction itself has and will cause her significant ancillary consequences, including loss of fundamental rights, professional licensure, and business opportunities. Imprisonment in this case is simply not necessary to achieve the goals of sentencing.

Respectfully submitted, this the 31stday of July, 2019.

*//Paul M. Dubbeling//*
Paul M. Dubbeling

---

[2] As of submission, Paula has submitted her final payment for restitution to American Express. The Defense is waiting for confirmation that American Express has received and processed these funds.

P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, North Carolina 27514
(919) 260-1615 (office)
paul.dubbeling@gmail.com
N.C. Bar #: 47014

4

## Certificate of Service

This is to certify that the undersigned has this date electronically filed (the foregoing Defendant's Memorandum in Aid of Sentencing with the Clerk of Court using the Court's CM/ECF System, which will send notice to the following:

Frank Joseph Chut, Jr.
U.S. Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
336-332-6320
frank.chut@usdoj.gov

This is the 31st day of July, 2019.

*/s/ Paul M. Dubbeling*
Paul M. Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 260-1615 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@gmail.com
NC Bar # 47014